DEAN ROYER, SBN 233292
LAW OFFICE OF DEAN ROYER
222 Columbus Avenue Suite 219
San Francisco, California 94133
Telephone: (415) 795-1475
Facsimile: (415) 795-1087
Email: dean@deanroyerlaw.com

Attorneys for Plaintiff
AMBER JOHNSON

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| AMBER JOHNSON, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | Demand for Jury Trial |
| AIR CANADA, | |
| Defendant. | |

Plaintiff Amber Johnson complains against defendant Air Canada as follows:

## JURISDICTION

1. This action is brought under the California Fair Employment and Housing Act, Government Code section 12900 et seq. The Court's original jurisdiction is invoked under 28 U.S.C. section 1332(a)(2): plaintiff Amber Johnson is a citizen of California and defendant Air Canada is a citizen of Canada; the principal place of business of Air Canada is in Quebec; and the amount in controversy exceeds $75,000.

---

Complaint for Damages
*Johnson v. Air Canada*—1

## VENUE

2. The Northern District of California is the judicial district where the unlawful employment practice is alleged to have been committed and where Amber Johnson would have worked but for the alleged unlawful employment practice.

## INTRADISTRICT ASSIGNMENT

3. This action arises in the County of San Mateo, in that a substantial part of the events or omissions which give rise to the claims occurred in San Mateo County. Under Local Rule 3-2(d), all actions that arise in San Mateo County shall be assigned to the San Francisco Division or the Oakland Division.

## PARTIES

4. Plaintiff Amber Johnson at all times mentioned in this complaint is and was a citizen of the State of California, residing in California.

5. The principal place of business of defendant Air Canada at all times mentioned in this complaint is and was in Quebec, Canada.

## STATEMENT OF FACTS

6. Amber Johnson started working for Air Canada as a Customer Service Agent in the San Francisco Airport on or about June 25, 2017.

7. Ms. Johnson is African-American.

8. Ms. Johnson satisfactorily performed her job duties for Air Canada.

9. One of Ms. Johnson's co-workers, Mohammed Khan, who is Middle Eastern, made racially offensive statements about Ms. Johnson or people of African decent in general on a regular and repeated (daily) basis. For example, Mr. Khan told Ms. Johnson that she did not count as a black person because she has green eyes and that "ethnic" people were meant to serve white people in America, and frequently compared dark and light-colored foods by stating his preference for the light-colored foods, e.g., he liked white chocolate, it's the best and he did not "fuck" with dark chocolate, it's nasty.

10. Mr. Khan also threatened and committed physical violence against Ms. Johnson, e.g., stating that he would "Chris Brown that bitch" in reference to the generally perception that Ms. Johnson bared a resemblance to Rihanna, and intentionally hitting Ms. Johnson in her breast area with his shoulder while stating "get out of my way."

11. Another of Ms. Johnson's co-workers, Nicole-Kaitlyn Conceicao, who identifies as white, laughed at and stated agreement with Mr. Khan's racially offensive statements. Ms. Conceicao also made racially offensive statements about Ms. Johnson on a regular and repeated (daily) basis.  For example, Ms. Conceicao told Ms. Johnson that Ms. Johnson did not have the right to say she is proud to be black because that is offensive.

12. Ms. Johnson told Mr. Khan and Ms. Conceicao on numerous occasions that she was offended by their racial statements and asked them to stop commenting about her skin color and race.

13. A manager, Christopher Reynoldson, knew about the conduct of Mr. Khan and Ms. Conceicao, in part through reports by Ms. Johnson including her belief that Ms. Conceicao and Mr. Khan were saying racist things, but failed to take appropriate action. For example, Mr. Reynoldson told Ms. Johnson and Ms. Conceicao that they had to get along with each other and that Ms. Johnson was being dramatic, and told Ms. Johnson that there seemed to be "a personal issue" between her and Mr. Khan and that her ability to treat all of her colleagues with respect was an ongoing issue. Air Canada management also accused Ms. Johnson of playing the "Black card."

14. Air Canada's management treated Ms. Conceicao more favorably than Ms. Johnson, e.g., giving Ms. Conceicao more favorable and fewer assignments; not allowing Ms. Johnson to take breaks while allowing Ms. Conceicao to take long breaks; and telling Ms. Johnson if she took kin care leave it would count against her but allowing Ms. Conceicao to take as much kin care leave as she wanted.

15. On January 7, 2018, Mr. Khan started again with his food color comparisons. Ms. Johnson attempted to ignore him and showed an African co-worker a video of African

dance. Another co-worker, who was friends with Mr. Khan, told Ms. Johnson that she was being racist. Ms. Johnson tried to defuse the situation by apologizing and saying that everyone is from Africa. Mr. Khan stated he disagreed. Ms. Johnson asked Mr. Khan to stop making comments about her skin color all the time. Mr. Khan stated that he did not "give a fuck about" Ms. Johnson and her skin color. Ms. Johnson reported the incident to Mr. Reynoldson.

16. Air Canada terminated Ms. Johnson on January 12, 2018 for the purported reason she had been involved in verbal altercations with colleagues including the January 7, 2018 incident.

17. Air Canada continued to employ Ms. Conceicao.

18. On information and belief, Air Canada's termination of Ms. Johnson's employment was substantially motivated by Ms. Johnson's race.

19. On information and belief, Air Canada's termination of Ms. Johnson's employment was substantially motivated by Ms. Johnson's reports of discrimination and harassment.

20. On May 9, 2018, Mr. Seymore filed a complaint of race discrimination, racial harassment, retaliation, and failure to prevent harassment against Air Canada with the California Department of Fair Employment and Housing with respect to the allegations set forth in this complaint.

21. On May 9, 2018, the DFEH issued Ms. Johnson a Notice of Right to Sue with respect to the DFEH complaint against Air Canada.

**FIRST CLAIM FOR RELIEF—DISCRIMINATION**

**ON THE BASIS OF RACE IN VIOLATION OF STATE LAW**

(California Government Code section 12940(a))

22. Plaintiff Amber Johnson realleges and fully incorporates paragraphs 1–21 above.

23. By virtue of the foregoing, defendant Air Canada wrongfully terminated Ms. Johnson based on her race in violation of the California Fair Employment and Housing Act.

## SECOND CLAIM FOR RELIEF—RACIAL HARASSMENT
## IN VIOLATION OF STATE LAW
(California Government Code section 12940(j))

24. Plaintiff Amber Johnson realleges and fully incorporates paragraphs 1–23 above.

25. By virtue of the foregoing, defendant Air Canada is liable for racial harassment in violation of the California Fair Employment and Housing Act.

## THIRD CLAIM FOR RELIEF—RETALIATION IN VIOLATION OF STATE LAW
(California Government Code section 12940(h))

26. Plaintiff Amber Johnson realleges and fully incorporates paragraphs 1–25 above.

27. By virtue of the foregoing, defendant Air Canada wrongfully termination Ms. Johnson in retaliation for reporting discrimination and harassment in violation of the California Fair Employment and Housing Act.

## FOURTH CLAIM FOR RELIEF—FAILURE TO PREVENT HARASSMENT
## IN VIOLATION OF STATE LAW
(California Government Code section 12940(k))

28. Plaintiff Amber Johnson realleges and fully incorporates paragraphs 1–27 above.

29. By virtue of the foregoing, defendant Air Canada failure to take all reasonable steps to prevent harassment in violation of the California Fair Employment and Housing Act.

## DAMAGES

30. As a result of the actions of defendants, plaintiff has been injured and has suffered damages as follows:

   a. She has lost compensation and other employment-related benefits to which she has been entitled and will lose such compensation and benefits in the future;

   b. She has suffered from emotional distress, embarrassment, and humiliation, and has suffered damage to her reputation and standing.

**PUNITIVE DAMAGES**

31. Conduct constituting malice, oppression, or fraud was committed by an officer, director, or managing agent of defendant Air Canada, who acted on behalf of the company. Accordingly, plaintiff is entitled to punitive damages against defendant Air Canada in this action.

Plaintiff Amber Johnson requests that this Court grant her relief as follows:

(1) Compensatory damages for unpaid wages and lost wages and benefits, in an amount to be determined;

(2) Interest at the legal rate;

(3) General damages for emotional distress, pain and suffering, in an amount to be determined;

(4) Special damages for out-of-pocket expenses;

(5) Punitive damages, in an amount to be determined;

(6) Attorneys' fees;

(7) Costs of suit; and

(8) Such other and further relief as the Court may deem proper.

Under Local Rule 3-6(a), plaintiff demands a jury trial.

Dated: May 14, 2018

By: /s/Dean Royer
  Dean Royer

Attorneys for Plaintiff
AMBER JOHNSON

---

Complaint for Damages
*Johnson v. Air Canada*—6